IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BENJAMIN MADRID-MEZA (17),<br><br>Defendant. | Case No. 17-20038-17-DDC |

**MEMORANDUM AND ORDER**

In 2019, defendant Benjamin Madrid-Meza pleaded guilty to three federal drug offenses: (1) conspiracy to distribute and possess with intent to distribute more than 50 grams of methamphetamine; (2) felony use of a communication facility to facilitate a drug trafficking crime; and (3) distribution of more than 50 grams of methamphetamine. *See* Doc. 590 (Plea Petition); *see also* Doc. 752 (Judgment). The court sentenced Mr. Madrid-Meza to a total term of 120 months' imprisonment. Doc. 752 at 2. Mr. Madrid-Meza's projected release date is April 17, 2026. *See* Benjamin Madrid-Meza, Reg. No. 80271-051, https://www.bop.gov/inmateloc/ (last visited Mar. 30, 2022).

Mr. Madrid-Meza now has filed a pro se[1] motion (Doc. 988) asking the court to reduce his sentence under 18 U.S.C. § 3582(c)(2). The court didn't order the government to respond to the motion. For reasons explained below, the court denies the motion.

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but [this] rule of finality is subject to a few narrow exceptions." *United*

---

[1] "[P]risoners who proceed pro se . . . are entitled to liberal construction of their filings[.]" *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

*States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (quotation cleaned up). Mr. Madrid-Meza invokes one such exception. He contends that he's eligible for a reduction of sentence under 18 U.S.C. § 3582(c)(2). That provision allows a court to reduce a defendant's term of imprisonment if that term of imprisonment was "based on a sentencing range" that the United States Sentencing Commission "has subsequently . . . lowered[.]" 18 U.S.C. § 3582(c)(2). Mr. Madrid-Meza doesn't identify any amendments to the applicable guidelines range that would allow the court to reduce his sentence. So, to the extent Mr. Madrid-Meza requests a sentence reduction based on § 3582(c)(2), the court denies that request.

But, liberally construed, Mr. Madrid-Meza's motion also invokes another exception to a sentence's finality: 18 U.S.C. § 3582(c)(1), the now-familiar statutory mechanism for compassionate release. *See Maumau*, 993 F.3d at 824. Under that provision, the court may modify a term of imprisonment on a "motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days[2] from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A); *see also Maumau*, 993 F.3d at 830–31 (reviewing § 3582(c)(1)'s history, text, and requirements).

The court applies a three-step analysis to motions filed under § 3582(c)(1)(A). *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021). The court may grant a motion for reduction of sentence only if "(1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district

---

[2]     Under § 3582(c)(1)(A), a defendant may file a motion for compassionate release directly with the district court after "the passage of 30 days from the defendant's *unanswered request* to the warden for such relief." *Maumau*, 993 F.3d at 830 (emphasis added).

court considers the factors set forth in [18 U.S.C.] § 3553(a), to the extent that they are applicable." *Id.*  The court may grant relief "only if all three prerequisites are satisfied," and, accordingly, "the three steps [can] be considered in any order." *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021).

To start, Mr. Madrid-Meza hasn't demonstrated that he exhausted his administrative remedies before filing his motion.  But, in our Circuit, that failure doesn't prohibit the court from considering Mr. Madrid-Meza's motion. *See United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021) (holding that § 3582(c)(1)(A)'s exhaustion requirement isn't jurisdictional).  Nevertheless, Mr. Madrid-Meza hasn't provided any basis to justify reducing his sentence.  In his three-page motion, he doesn't discuss any extraordinary or compelling reasons justifying relief.  Nor has he discussed the relevant sentencing factors of 18 U.S.C. § 3553(a).  Instead, he asks the court to consider his age (currently, 26), his separation from his family members (who are in Mexico), and the financial cost of his imprisonment on the United States (which is unclear).  Doc. 988 at 2.  None of these reasons suffice as extraordinary and compelling reasons justifying a sentence reduction.  And, even if those reasons did suffice, the court determines that reducing Mr. Madrid-Meza's sentence is incompatible with the § 3553(a) sentencing factors.  Indeed, the sentencing factors haven't shifted at all since the court sentenced Mr. Madrid-Meza just more than two years ago.  And Mr. Madrid-Meza hasn't provided any argument otherwise.  Thus, reducing Mr. Madrid-Meza's sentence is inappropriate at this time.

Finally, to the extent Mr. Madrid-Meza asks the court to order home confinement—its not clear—the court denies his request.  The court has no authority to order such relief.  The CARES Act, 18 U.S.C. § 3624(c)(2), authorizes the Bureau of Prisons ("BOP")—not courts—to expand the use of home confinement. *See United States v. Cumins*, 833 F. App'x 765, 766 (10th

Cir. 2021) (explaining that "only the Bureau of Prisons can put an inmate in home confinement"); *see also United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 1118 (D. Kan. 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision.").

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Madrid-Meza's "Motion for Reduction of Sentence Pursuant to § 3582(c)(2) and Amendments Set Out in 'First Step Act'" (Doc. 988) is denied.

**IT IS SO ORDERED.**

**Dated this 4th day of April, 2022, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**

4