IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>BENJAMIN MADRID-MEZA (17),<br><br>    Defendant. | Case No. 17-20038-17-DDC |

**MEMORANDUM AND ORDER**

  Defendant Benjamin Madrid-Meza has filed a motion asking for appointed counsel. Doc. 1063. It explains that he seeks counsel to help address changes imposed by Amendment 821 to the United States Sentencing Guidelines. *Id.* It also asserts that defendant is a zero-point offender and suggests that the Amendment entitles him to relief. *Id.* This Order denies this request and now, the court explains why.

  Our Circuit has held, "[t]here is no constitutional right to counsel beyond the direct appeal of a criminal conviction, and [defendant], who was not entitled to an evidentiary hearing, has not demonstrated that he was entitled to counsel." *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008) (cited in *United States v. Hemmelgarn*, 15 F.4th 1027, 1032 (10th Cir. 2021) (affirming decision denying appointed counsel to assist with compassionate release motion)). But the court does have discretion to appoint counsel, even at the post-conviction stage. It may do so when "'the interests of justice so require.'" *United States v. Baker*, 586 F. App'x 458 (10th Cir. 2014) (quoting 18 U.S.C. § 3006A(a)(2)(B)).

  Appointing counsel here wouldn't serve the interests of justice. Defendant's motion shows he's capable of articulating an issue and adequately presenting it to the court. The motion's content adequately conveys the reason Mr. Madrid-Meza hopes he's entitled to relief.

Also, appointed counsel wouldn't bring any value to defendant's bid for a reduced sentence. The court makes this finding after evaluating the anticipated basis for requesting a reduced sentence—Amendment 821 to the United States Sentencing Guidelines.

Amendment 821 changed two aspects of the Guidelines, and a comment in the most recent Guidelines Manual defines the reach of those changes. It explains:

> Part A [of Amendment 821] amended §4A1.1 (Criminal History Category) to limit the overall criminal history impact of "status points" (*i.e.*, the additional criminal history points given to defendants for the fact of having committed the instant offense while under a criminal justice sentence, including probation, parole, super-vised release, imprisonment, work release, or escape status). Part B, Subpart 1 [of Amendment 821] created a new Chapter Four guideline at §4C1.1 (Adjustment for Certain Zero-Point Offenders) to provide a decrease of two levels from the offense level determined under Chapters Two and Three for defendants who did not receive any criminal history points under Chapter Four, Part A and whose instant offense did not involve specified aggravating factors.

U.S. Sent'g Guidelines Manual, § 1B1.10 cmt 7 (U.S. Sent'g Comm'n 2024) (page 43 of Guidelines Manual, effective Nov. 1, 2024). Neither change could benefit defendant here.

Part A of Amendment 821—status point reduction—can't help Mr. Madrid-Meza for the most basic of reasons: He didn't receive any status points. *See* Doc. 707 at 18 (showing defendant had no criminal history) and 17–18 (calculating defendant's offense level and showing no adjustment for status points). There are just no status points to reduce.

Part B—zero-point offenders—is similar. It's true that defendant qualifies as a zero-point offender. *See id.* at 18–19 (showing that he received no criminal history points). But the new zero-point offender provision can't benefit Mr. Madrid-Meza because two of his three convictions (Counts 1 and 29) came with mandatory minimum sentences of 10 years in prison. *See* Doc. 707 at 21 (reciting that 21 U.S.C. §§ 841(a) and 841(b)(1)(A) mandate a minimum

sentence of 10 years in prison).  And that's the sentence the court imposed on Mr. Madrid-Meza. Doc. 752 at 2 (Judgment in a Criminal Case).  As other federal courts have recognized, a defendant can't use 18 U.S.C. § 3582(c)(2)—based on a reduced Guideline range—to reduce his sentence below the statutorily mandated minimum sentence.  *United States v. Davis*, No. 19-4052 JCH, 2025 WL 370496, at *2 (D.N.M. Feb. 3, 2025) (Defendant "is not eligible for a reduced sentence.  The crime for which [he] pled guilty carries a mandatory minimum sentence of not less than 5 years.  Because the Court sentenced Mr. Davis to 5 years, the minimum statutory sentence allowed, he is not eligible for a sentence reduction based on USSG § 4A1.1(d) & (e)." (citation omitted)); *cf. Koons v. United States*, 584 U.S. 700, 704 (2018) (holding that defendants didn't qualify for sentence reductions under § 3582(c)(2) because their sentences were based on the statutory mandatory minimums, and not lowered guidelines ranges).[1]

In sum, the court finds appointing counsel for Mr. Madrid-Meza would not serve the interests of justice.  The court thus denies his motion seeking appointed counsel.

**THEREFORE, IT IS HEREBY ORDERED** that defendant Benjamin Madrid-Meza's Motion Seeking Appointment of Counsel (Doc. 1063) is denied.

**IT IS SO ORDERED.**

---

[1] *See also* Guideline § 5G1.1(c)(2) ("In any other case, the sentence may be imposed at any point within the applicable guideline range, provided that the sentence . . . (2) is not less than any statutorily required minimum sentence.").  To put this provision in the current context, imagine that Mr. Madrid-Meza were to receive the two-level reduction available to zero criminal history defendants under Guideline § 4C1.1.  In this hypothetical scenario, Mr. Madrid-Meza's sentencing range would drop from 135 to 168 months (based on Guidelines findings applied at sentencing, *i.e.*, total offense level 33/criminal history category I) to 108 to 135 months (based on total offense level 31/criminal history category I).  Even in this hypothetical scenario—one that assumes defendant would receive a benefit he cannot receive—§ 5G1.1(c)(2) precludes a sentence below the statutorily mandated minimum sentence of 120 months.

**Dated this 26th day of February, 2025, at Kansas City, Kansas.**

                                                           **s/ Daniel D. Crabtree**
                                                         **Daniel D. Crabtree**
                                                         **United States District Judge**